IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SUSAN BROWN                                                                    PLAINTIFF

v.                              CIVIL NO. 06-5047

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                                 DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Susan Brown appealed the Commissioner's denial of benefits to this court. On, August 15, 2006, judgment was entered remanding plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. # 8). Plaintiff now moves for an award of $2,649.45 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 19.00 hours of work before the court at an hourly rate of $125.00, and $274.45 in expenses.[1] (Doc. # 9-10). Defendant has filed a response, objecting to certain hours claimed. (Doc. # 11).

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a

---

[1] Plaintiff's counsel is reminded that all future petitions for fees pursuant to the EAJA should include a calculation of the total amount of fees sought. The itemization sheet for time spent on work before this court should also be listed in chronological order.

AO72A
(Rev. 8/82)

sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party. After reviewing the file, we find plaintiff is a prevailing party in this matter.

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D.Ohio 1985). Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id. See also*, *Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984).

In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984).

AO72A
(Rev. 8/82)

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir.1991)*, quoting Cotter v. Bowen, 879 F.2d 359, 361 (8th Cir.1989).* The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir.1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for EAJA fee awards from $75.00 to $125.00 per hour. *See* 28 U.S.C. § 2 412(d)(2)(A). We find plaintiff's counsel entitled to compensation at this rate.

We next address the number of hours plaintiff's counsel claims she spent working on this case. Defendant argues that the total of 5.00 hours submitted on May 10, 2003, July 2, 2003, and

January 20, 2006, should be deducted because it was work performed while plaintiff's case was pending before the administration. *See Cornella v. Schweiker*, 728 F.2d 978, 988-89 (8th Cir. 1984) (time spent at the administrative level is not compensable under the EAJA). The Complaint in this case was not filed until March 20, 2006. (Doc. # 1). We agree with defendant that the work performed on the above referenced dates was work performed before the administration. We also find the work performed on May 30, 2002, to be work performed before the administration. Accordingly, 7.00 hours must be deducted from the total compensable time sought by counsel.

Defendant further objects to 4.00 of the 11.00 hours submitted on March 15, 2006, March 17, 2006, and June 4, 2006, for the research, writing and preparation of plaintiff's appeal brief. The brief submitted to the court consisted of four pages of procedural background and facts and four pages of argument and discussion. There were no unique or complex issues to be developed in this particular case. We find that the time submitted for preparing this brief to be excessive. Therefore we are reducing the number of hours submitted for the preparation of plaintiff's brief to 9.00 hours. Accordingly, 2.00 hours must be deducted from the total compensable time sought by counsel.

Finally, counsel seeks reimbursement for $274.45 in expenses incurred with regard to the filing fee and postage. Such expenses are recoverable under the EAJA and we find $274.45 to be a reasonable award. *See Kelly v. Bowen*, 862 F.2d 1333, 1335 (8th Cir. 1988).

Based on the above, we recommend awarding plaintiff's attorney fees under the EAJA for: 10.00 (19.00-9.00) attorney hours, at the rate of $125.00 per hour, and $274.45 in expenses, for a total attorney's fee award of $1,524.45. This amount should be paid in addition to, and not

4

out of, any past due benefits which plaintiff may be awarded in the future. **The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.**

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the plaintiff.

Dated this 28th day of August 2006.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)